IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| Maurice Grant,<br><br>Plaintiff,<br><br>v.<br><br>Berkeley County Sheriff's Office and<br>Deputy Austin Longieliere<br><br>Defendants. | Case No.: 2:24-cv-04262-RMG-MHC<br><br><br>MEMORANDUM IN SUPPORT OF<br>MOTION TO DISMISS |

The defendants respectfully ask this court to dismiss this matter for failure to properly state a claim against Longieliere, failure to file within the applicable statutes of limitations for this matter and South Carolina Tort Claims Act immunity. As an additional basis for this motion to dismiss, Austin Longieliere asserts his Eleventh Amendment Immunity.

**FACTS**

This case arises from a vehicle pursuit that ended with a foot pursuit where the suspect managed to elude law enforcement on October 22, 2019. During that pursuit, Deputy Gist clearly saw the suspect before he disappeared. (See Warrant, Exhibit A).[1] When the victim of the domestic

---

[1] Defendants ask the court to take judicial notice of the arrest warrant in this case that is referenced in the Amended Complaint. Even in civil rights cases, the court is not required "'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences,'" nor "'allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (noting that, in ruling on a Rule 12(b)(6) motion to dismiss, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (court may consider documents subject to judicial notice without converting motion to dismiss into one of summary judgment).

    A court may take judicial notice at any stage in the proceeding. Fed. R. Evid. 201(d). "'[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) (quoting 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977)); *see also United States v. Stanley*, 449 F. App'x 249, 251 n. 2 (4th Cir. 2011) (taking notice of North Carolina judgments of conviction); *see e.g.*, *Rodgers v. Waste Indus., Inc.*, No. 4:12-cv-294, 2013 WL

violence incident that precipitated the pursuit identified the suspect as Maurice Grant, Deputy Longieliere pulled a DMV photo for Maurice Grant. Deputy Gist identified the photo as the man she saw at the scene. A warrant application was then prepared by Deputy Longieliere and a judge signed the warrant for the arrest of Maurice Grant on October 23, 2019.

Less than three months later, on January 15, 2020, the plaintiff was in a vehicle that got a flat tire. Law enforcement (not the Berkeley County Sheriff's Office) arrived at the scene and while present ran the driver and the passenger (plaintiff) for warrants. The Berkeley County warrant came up and plaintiff was detained by the agency at the scene. Grant was then transferred to Berkeley County and lodged at the detention center where he was served with the warrant on January 15, 2020. (Exhibit A). He bonded out the next day.

On October 23, 2023, three years, nine months and eight days after the arrest, plaintiff filed suit against the Berkeley County Sheriff's Office and Cpl. Steven Worley alleging, among other things, that on January 15, 2020, Deputy Worley drew his gun, pointed it Mr. Grant and arrested him on the warrant. 2:23-cv-05298-RMG-MHC. This allegation was fabricated from thin air because Deputy Worley was <u>never at the scene</u> of the plaintiff's flat tire, and had zero involvement in arresting him.

After some communications between counsel, Plaintiff amended his Complaint. In this new pleading, Worley was no longer a party. Instead, in addition to the Sheriff's Office, the plaintiff made claims against former Deputy, now Trooper, Austin Longieliere.[2] The defendants filed a motion to dismiss the Amended Complaint and the parties entered into a stipulation of dismissal of the federal case on December 13, 2023.

---

4460265, at *6 (E.D.N.C. Aug. 19, 2013) (taking judicial notice of plaintiff's criminal case proceedings in considering motion to dismiss).

[2] For ease of reference since he was a deputy at the time, he will be referred to as Deputy Longieliere in this brief.

On January 10, 2024, three years, eleven months and twenty-six days after the arrest, plaintiff filed suit against the Berkeley County Sheriff's Office and Longieliere in the Berkeley County Court of Common Pleas. Defendants filed another motion to dismiss on January 31, 2024. On July 26, 2024, the Judge granted the plaintiff's oral motion to amend, which was made during the hearing, but never formally filed with the court, and "in light of that Motion" denied the motion to dismiss, giving the plaintiff yet another chance to amend his pleadings.

On July 29, 2024, the Amended Complaint was filed, adding a claim against Deputy Longieliere pursuant to 42 U.S.C. 1983, which resulted in the removal of this matter to this court and this motion to dismiss.

## STANDARD

In analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 132 S.Ct. 1327 (2012); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008). Although a court "assume[s] the facts alleged in the complaint are true and draw[s] all reasonable factual inferences in [plaintiff=s] favor," *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002), a court need not accept a complaint's legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302 (quotation omitted); *see Iqbal*, 556 U.S. at 678. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they

are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## I.    LONGIELIERE IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.

In his amended pleading, Plaintiff makes no reference to whether Longieliere is sued in his individual or official capacity. Therefore, to the extent that Longieliere is sued in his official capacity, he is entitled to Eleventh Amendment immunity.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Eleventh Amendment immunity protects unconsenting states from suit in federal court.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *see also Gulledge v. Smart*, 691 F.Supp. 947, 954 (D.S.C. 1988).[3]  South Carolina has expressly preserved Eleventh Amendment immunity in the South Carolina Tort Claims Act.  *See* S.C. Code Ann. § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States...."). This immunity extends to "arm[s] of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), including state agencies and state officers acting in their official capacity.  *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).

---

[3] Although the language of the Eleventh Amendment does not explicitly apply to suits brought against a state by one of its own citizens, the Amendment has been construed to bar such suits.  *See Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 107 n.12 (4th Cir. 2011).

In South Carolina, a sheriff's office is an agency of the state, not a department under the control of the county. *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (finding suit against the sheriff's office is suit against the state); *Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n. 1 (S.C. 2010) ("[U[nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."). A sheriff's deputies are also entitled to Eleventh Amendment immunity. *McCall v. Williams*, 52 F. Supp. 2d 611, 615 (D.S.C. 1999) ("As an arm of the State, a deputy sheriff is entitled to Eleventh Amendment immunity from civil damages suits in federal court, unless the state expressly waived this immunity."). Finally, any damages to Plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. As Longieliere was a Deputy for the Berkeley County Sheriff's Office, in his official capacity, he is an arm of the state and therefore Longieliere must be dismissed from this action as a matter of law.

## II.     THERE IS NO VALID 1983 CLAIM FOR MALICIOUS PROSECUTION AGAINST LONGIELIERE.

"A malicious prosecution claim brought under section 1983 is properly understood as a …. claim for unreasonable seizure which incorporates certain elements of the common law tort." *Hupp v. Cook*, 931 F.3d 307, 323-24 (4th Cir. 2019) (internal quotation marks omitted) *Evans v. Chalmers*, 703 F.3d 636, 646 (4th Cir. 2012) (internal quotation marks omitted). "To prove such a claim, a plaintiff must show that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Id.* at 324, *Id.* at 646 (internal quotation marks omitted from each). The Amended Complaint is unclear as to whether the plaintiff intends to pursue this claim against Longieliere as part of his procedural due process claim under the Fourteenth Amendment or separately, because

he does not list the amendment he is pursuing a claim under. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 184 (4th Cir. 1996) ("the Due Process Clause of the Fourteenth Amendment does not provide protection in this area. The Supreme Court has rejected the proposition that a defendant possesses a liberty interest in avoiding prosecution upon less than probable cause." (internal citation omitted)) Further, in *Hart v. City of Santee*, this court rejected the argument there is a cognizable federal right to an adequate investigation for claims brought pursuant to § 1983. *Hart v. City of Santee*, No. 5:16-CV-03338-JMC, 2017 WL 3158779, at *4 (D.S.C. July 25, 2017).

Here, there is no dispute that there was a facially valid arrest warrant issued, which is evidence of probable cause. Additionally, the Complaint states that the matter went to a jury trial, and upon information and belief, the judge considered a motion to dismiss during the trial and denied the same. This makes two separate independent findings of probable cause.

With even one independent determination of probable cause there is no way for the plaintiff to meet his burden of proof under the second element of this cause of action, and therefore, this claim should be dismissed against Longieliere.

**III.    THE STATUTE OF LIMITATIONS EXPIRED ON THE STATE LAW CLAIMS IN 2022 BECAUSE NO VERIFIED CLAIM WAS FILED.**

There is no evidence that the plaintiff filed a verified claim with the Berkeley County Sheriff's Office within one year of the date of arrest – January 15, 2020. The deadline to file a verified claim in order to extend the statute to three years was January 15, 2021. The allegations in this case are subject to the two-year statute of limitations as set forth in S.C. Code Ann. § 15-78-110 of the Act:

> Except as provided for in Section 15-3-40, any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered; provided, that if the claiming first filed a claim pursuant to this chapter, then the actin for damages based upon the

same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered.

A three-year statute of limitations is only available to a party who files a "verified claim". *See* S.C. Code Ann. § 15-78-80 (Supp. 2002); *Flateau*, 355 S.C. at 207; *see also Joubert v. South Carolina Dept' of Soc. Servs.,* 341 S.C. 176, 534 S.E. 2d 1 (Ct. App. 2000) (if plaintiff files statutorily-defined claim within one year of loss or injury, statute of limitations is extended to three years). The South Carolina Court of Appeals, in *Searcy v. South Carolina Dept. of Educ., Transp. Div.,* 303 S.C. 544, 548, 402 S.E. 2d 486, 488 (1991)*,* said that,

> Sections 15–78–90(b), 15–78–100(a) and 15–78–110 must be read with Section 15–78–80 because together they are a constituent part of a scheme designed to encourage a person first to seek by a route other than litigation the recovery of damages for a loss proximately caused by a tort of a governmental entity, while at the same time affording a governmental entity a measure of protection against fraudulent claims. *See* 73 Am.Jur.2d *Statutes* § 189 at 388 (1974) ("Statutes which are parts of the same general scheme or plan, or are aimed at the accomplishment of the same results and the suppression of the same evil, are ... considered as in pari materia."). **When these statutes are so read, the "claim" mentioned in these code sections can only refer to the "verified claim" mentioned in Section 15–78–80.** *(emphasis added)*

The Court of Appeals has made clear that even a prior lawsuit does not count to extend the statute of limitations.  This was reiterated by the Court of Appeals in *Joubert v. South Carolina Dept. of Social Services*, 341 S.C. 176, 534 S.E. 2d 1 (2000), when it relied on *Searcy* – *"*§ 15–78–80 expressly requires the person to file a verified claim in order to benefit from the three-year limitations period."  The *Joubert* Court went on to say "[i]n order to trigger the three-year statute of limitations under § 15–78–110, a party <u>must</u> follow the procedure outlined in S.C. Code Ann. § 15–78–80".  Finally, the *Joubert* Court clearly set out how important compliance with the verified claim requirements is to the extension of the statute.

> Most importantly, our courts have repeatedly held strict compliance with the verified claim statute is mandatory. *See, e.g., Vines v. Self Mem'l Hosp.,* 314 S.C. 305, 307, 443 S.E.2d 909, 910 (1994) ("A claim against a state entity under the Tort

Claims Act must be verified to entitle a plaintiff to the three-year statute of limitations. Substantial compliance is not sufficient." The verified claim must set forth the extent and amount of the loss sustained); *Rink v. Richland Mem'l Hosp.,* 310 S.C. 193, 196–197, 422 S.E.2d 747, 748–749 (1992) ("[W]hen a plaintiff seeks to sue a political subdivision he 'must fully comply with the prescribed terms and conditions of the statute, and the filing of a claim as required is an essential prerequisite to a right of action.'") (quoting *Cochran v. City of Sumter,* 242 S.C. 382, 386, 131 S.E.2d 153, 155 (1963), *overruled on other grounds by McCall v. Batson,* 285 S.C. 243, 329 S.E.2d 741 (1985)); *Pollard,* 314 S.C. at 400, 444 S.E.2d at 536 (substantial compliance with the statute is not enough; the "verified claim" procedure must be strictly complied with in order to trigger the three-year limitations period). Accordingly, because [Grant] did not comply fully with the statutory mandate, no verified claim was filed, and the statute of limitations on the underlying actions was two years, not three.

Here, plaintiff's counsel has confirmed that there is no statutorily compliant verified claim filed. As there is no verified claim, the three-year statute of limitations does not apply and the two-year statute of limitations is applicable. The warrant was obtained on October 23, 2019 and the arrest in this case occurred on January 15, 2020. The allegations relating to Gross Negligence are tied to the date the warrant was obtained. The plaintiff alleged in his Complaint he knew when the officers told him they had a warrant for him, that he had not committed any crimes. (Am. Compl. ¶14). This is clear evidence of notice. "Under the Tort Claims Act, {}, the statute of limitations begins to run when the plaintiff should know that he might have a potential claim against another, not when he develops a full-blown theory of liability." *Joubert,* 341 S.C. at 190.

The gross negligence claim specifically alleges that the training and supervision was negligent. (Am. Compl. ¶36 b, c, d). All training and supervision applicable to the actions taken in October, 2019 or January 2020, was performed <u>before</u> the warrant was executed and before the plaintiff was arrested. Additionally, the claim of "failing to investigate claims of malicious prosecution" is supported by zero facts. Plaintiff has not alleged that he filed such a complaint with the Sheriff's Office nor has he presented any facts that anyone else has done so. Even if they had, in order to "create an institutional culture" where such was tolerated, the acts would have had to

occur prior to 2019 when the warrant was sought. This puts them outside the statute of limitations for such a claim.

The Complaint in this case was filed on January 10, 2024, more than two years after the expiration of the two-year statute of limitations for these claims. Therefore, the claim Gross Negligence against the Sheriff's Office should be dismissed on the basis that the statute of limitations has expired.

**IV.    THE SHERIFF'S OFFICE IS ENTITLED TO DISMISSAL AND/OR IMMUNITY FOR MALICOUS PROSECUTION.**

Plaintiff has brought a claim for malicious prosecution against Berkeley County Sheriff's Office. Here, the deputy applied for the arrest warrant, and it was signed by a judge. This is evidence of probable cause, which eliminates any cause of action for malicious prosecution.

If the court determines that the Sheriff's Office, through applying for the warrant, did institute the judicial proceeding, the Sheriff's Office is entitled to immunity for the same. The South Carolina Tort Claims Act, S.C. Code Ann. 15-78-10, *et. seq.* (Supp. 1997), which provides the exclusive remedy in tort against the Berkeley County Sheriff's Office, is a limited waiver of governmental immunity, *Moore v. Florence Sch. Dist. No.1*, 314 S.C. 335, 444 S.E.2d 498 (1994). *See also* S.C. Code Ann. 15-78-20(b) (Supp. 1997) (while acting within the scope of official duty, the State, its political subdivisions and employees are immune from liability and suit for any tort except as waived by the Tort Claims Act); S.C. Code Ann. 15-78-40 (Supp. 1997) ("The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability  and damages, and exemptions from liability and damages, contained herein.").  Importantly, the Act also spells out that the exceptions to the waiver of immunity "must

be **liberally construed in favor of limiting the liability of the state**." S.C. Code Ann. § 15-78-20(f) (Emphasis added).

The Sheriff's Office asserts that it is immune from liability under the South Carolina Tort Claims Act's immunity relating to "the institution or prosecution of a judicial proceeding." S.C. Code Ann. § 15–78–60(23). In order to recover in an action for malicious prosecution, the plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) termination of such proceeding in the plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage. *Ruff v. Eckerds Drugs, Inc.,* 265 S.C. 563, 566, 220 S.E.2d 649, 651 (1975). An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence, including malice and lack of probable cause. *Law v. S.C. Dep't of Corr.,* 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006).

In this case, the Sheriff's Office, for purposes of this motion, admits that it instituted judicial proceedings through the warrant application. Therefore, plaintiff's cause of action for malicious prosecution specifically falls within this express exception. Without establishing that the Sheriff's Office "instituted or prosecuted" a claim against him, Grant could not establish the first element of the malicious prosecution claim. *See McCoy v. Sheriff's Office of Columbia,* No. CA 5:10-132-JFA-KDW, 2013 WL 936607, at *27 (D.S.C. Jan. 16, 2013), *report and recommendation adopted in part, rejected in part*, 929 F. Supp. 2d 541 (D.S.C. 2013). The Sheriff's Office is entitled to absolute immunity for such, and this cause of action should be dismissed.

**CONCLUSION**

Defendants respectfully ask this court to dismiss the Longieliere from any official capacity claims based on Eleventh Amendment immunity.  For any aspect of a claim against Longieliere that Eleventh Amendment immunity does not protect him from, the plaintiff has improperly brought his claim against Longieliere and the same should be dismissed.  The Sheriff's Office is entitled to dismissal of the state law claims as no verified claim was filed to extend the statute of limitations. Additionally, even if one had been, the plaintiff has still missed the three-year statute of limitations, which expired January 16, 2023 as to gross negligence. Finally, there are immunities to which the Sheriff's Office is entitled and the claim for Malicious Prosecution should be dismissed based on immunity under S.C. Code Ann. § 15–78–60(23).

Respectfully submitted,


 *S/ Robin L. Jackson*
ROBIN L. JACKSON, Fed. ID: 7465
*Senn Legal, LLC*
P.O. Box 12279
Charleston, SC 29422
843-556-4045
Robin@SennLegal.com

August 9, 2024

Attorney for Berkeley County Sheriff's
Office and Austin Longieliere