IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
DIVISION OF CHARLESTON

| | |
|---|---|
| Maurice Grant, | C/A No.: 2:24-cv-04262-RMG-MHC |
| Plaintiff, | |
| v. | ANSWER TO AMENDED COMPLAINT |
| Deputy Austin Longieliere, | (Jury Trial Demanded) |
| Defendant, | |

NOW COMES Deputy Austin Longieliere by and through his undersigned counsel and hereby Answer the Plaintiff's Amended Complaint, filed in the State Court action on July 29, 2024, as follows:

**FOR A FIRST DEFENSE**
**(Qualified General Denial)**
**All specifically not admitted herein should be deemed denied.**

1. Defendant lacks knowledge and information of Plaintiff's county of residence but asserts that he has evidence indicating that plaintiff has lived in Berkeley County as well.

2. Admit only that Deputy Longieliere is and has been at all times relevant to this matter, employed by the Berkeley County Sheriff's Office.

3. Admit, but assert that this defendant has been dismissed from this action.

4. Deny that there were any acts or omissions that could result in liability, but admit that the actions resulting in the warrants for Plaintiff's arrest occurred in Berkeley County.

5. Admit only that the Sheriff has control over his deputies.

6. Deny and demand strict proof thereof.

7. Deny and further assert that the Sheriff's Office has been dismissed from this action.

1

## **FACTS ALLEGED**

8. Defendant Longieliere lacks knowledge and information about what occurred on January 15, 2020 as he was not present.

9. Defendant Longieliere lacks knowledge and information about what occurred on January 15, 2020 as he was not present.

10. Defendant Longieliere lacks knowledge and information about what occurred on January 15, 2020 as he was not present.

11. Defendant Longieliere lacks knowledge and information about what occurred on January 15, 2020 as he was not present.

12. Defendant Longieliere lacks knowledge and information about what occurred on January 15, 2020 as he was not present.

13. Defendant Longieliere lacks knowledge and information about what occurred on January 15, 2020 as he was not present.

14. Defendant Longieliere lacks knowledge and information about what occurred on January 15, 2020 as he was not present.

15. Defendant Longieliere lacks knowledge and information about what occurred on January 15, 2020 as he was not present.

16. Upon information and belief, plaintiff hired an attorney. Defendant admits that this is the defense propounded by plaintiff in the criminal case, but denies that it is the truth factually.

17. Admit.

18. Deny as stated and assert that NCPD was pursuing a vehicle on that date and when it exited their jurisdiction, Berkeley County Sheriff's Office took over the pursuit.

19. Deny and demand strict proof thereof.

20. Deny and demand strict proof thereof, as to all but the last section. Admit that another officer positively identified the plaintiff as the offender she saw based on his driver's license photo.

21. Upon information and belief admit that the subjective opinion of an officer provided a description based on a best guess of observing the person while he was fleeing the scene on foot.

22. Lack knowledge or information, and therefore deny demanding strict proof thereof.

23. Deny and assert that upon information and belief, the vehicle was registered to the victim.

24. Admit only that a gun was located in the vehicle and placed into evidence.

25. Admit that upon information and belief the vehicle belonged to the victim and not the plaintiff. As to the gun, deny and demand strict proof thereof.

26. Deny and demand strict proof thereof.

27. Deny and demand strict proof thereof.

28. Admit that plaintiff was prosecuted based on the evidence in the possession of Longieliere. Upon information and belief, admit the outcomes.

29. Deny, including all subparts and demand strict proof thereof.

30. Deny and demand strict proof thereof.

## FIRST CAUSE OF ACTION
## 42 USC 1983

31. Defendant incorporates all previous responses as if fully restated herein.

32. Admit that Longieliere was acting under color of state law and was employed by the Sheriff's Office to perform law enforcement duties.

33. Deny all allegations in this paragraph and demand strict proof thereof.

34. Deny and demand strict proof thereof.

## SECOND & THIRD CAUSES OF ACTION
## GROSS NEGLIGENCE & MALICIOUS PROSECUTION

35. Defendant incorporates all previous responses as if fully restated herein.

36. These causes of action and the defendant they are claimed against have been dismissed by the Court and therefore, these causes of action requires no response.

## FOR A SECOND DEFENSE
## (Rules 8 and 12)

37. Plaintiff has failed to state a cause of action for which relief can be granted.  Further, this Complaint

should be dismissed for all applicable reasons in accordance with Rule 12 and Rule 8 of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Waiver, *Estoppel,* Laches, Acquiescence, Stale Demand, Statute of Limitations, Service of Process, No Proximate Cause)

38. Plaintiff's claims are barred, in whole or in part, by the doctrines of *estoppel*, laches, waiver, acquiescence, stale demand, service of process, statute of limitations, and the acts of the Defendant were not the proximate cause of the injuries.

## FOR A FOURTH DEFENSE
### (Sole Negligence/Comparative Negligence)

39. Defendant asserts that Plaintiff is solely negligent for his suffering and injuries or in the alternative is comparatively negligent.

## FOR A FIFTH DEFENSE
### (Sovereign Immunity - Tort Claims Act)

40. As to any violation of common law or state law, Defendant asserts the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et seq.*, as a defense and assert that he does not waive any of the rights, privileges or immunities therein, including but not limited to Eleventh Amendment immunity.

## FOR A SIXTH DEFENSE
### (Intervening and Superseding Negligence)

41. That if Defendant was negligent, which is specifically denied, the injuries and damages sustained by Plaintiff, if any, were due to and caused by and were the direct and proximate result of the intervening and superseding acts or omissions of others for which this Defendant is not liable.

## FOR A SEVENTH DEFENSE
### (Qualified Immunity)

42. The actions/inactions and conduct of Defendant, to the extent they actually occurred, were objectively reasonable under the circumstances of which he was aware. His actions did not violate any clearly established constitutional, federal, or statutory right of which a reasonable official

should have known, and he is therefore entitled to qualified immunity.

## FOR AN EIGHTH DEFENSE
### (No Constitutional Violation)

43. The alleged actions/inactions claimed by Plaintiff did not rise to the level of a constitutional violation and Plaintiff did not suffer any infringement of constitutional and/or federal rights, privileges, or immunities.

## FOR A NINTH DEFENSE
### (Emotional Distress)

44. Any claims by Plaintiff for the intentional infliction of emotional distress are not actionable and are barred by the plain language of the South Carolina Tort Claims Act.

## FOR A TENTH DEFENSE
### (Failure to Mitigate)

45. Plaintiff's claims are barred or must be reduced by Plaintiff's failure to mitigate damages should there be any damages.

## FOR AN ELEVENTH DEFENSE
### (Absence of Bad Faith, Malice or Corrupt Motive)

46. Defendant during the performance/non-performance of the alleged actions did not perform any act/inaction in bad faith, with corrupt motives, or in a malicious manner, and Defendant is therefore immune from suit.

## FOR A TWELFTH DEFENSE
### (Punitive Damages Unconstitutional)

47. Punitive damages are not recoverable against Defendant not only due to the unconstitutionality, but also in accordance with S.C. Code Ann. § 15-78-120(b).

## FOR A THIRTEENTH DEFENSE
### (Eleventh Amendment Immunity)

48. The Complaint, as drafted, sues the State of South Carolina through its agents. Plaintiff is prohibited from suing the defendant, as doing so would be equivalent of suing the State of South Carolina and in violation of the Eleventh Amendment to the United States Constitution.

## FOR A FOURTEENTH DEFENSE
### (Assumption of Risk)

49. Plaintiff assumed the risk of arrest when he fled from the scene of the original pursuit. Plaintiff assumed the risk of interaction with law enforcement when he fled from them and violated traffic laws.

Wherefore, having fully answered the Amended Complaint, Defendant Longieliere hereby prays that the Amended Complaint be dismissed with prejudice; that Plaintiff be responsible for all costs and fees associated with defending this action; and for all such further relief as this court deems just and proper. In addition, Defendant reserves the right to amend to allege additional affirmative defenses or other defenses as they become known throughout the course of discovery.

*s/ Robin L. Jackson*
ROBIN L. JACKSON
Fed. Id No.: 07465
*Senn Legal, LLC*
Post Office Box 12279
Charleston, South Carolina  29422
(843) 556-4045
(843) 556-4046 (fax)
Robin@sennlegal.com

Attorney for Austin Longieliere

September 25, 2024